Edson Keith & Co. v. Eisendrath, 192 Ill. App. 155.

## Abstract of the Decision.

1. PARTNERSHIP, § 1144*—*when partner not liable for antecedent indebtedness of other member.* Where the only evidence showing the formation of a partnership on an alleged indebtedness of which it is sought to hold defendants liable as partners shows that the alleged partnership was entered into on September 1, 1911, while the contract on which plaintiff's claim is based is shown to have been entered into in July, 1911, and to have been entirely or substantially completed before September 1, 1911, defendants are not liable.

2. PAYMENT, § 6*—*when action will not lie by original holder after negotiation of note.* One who takes a note of his debtor in payment and disposes of it to a presumably innocent purchaser cannot, while the note is outstanding, recover a judgment against the maker on the original indebtedness.

## Edson Keith & Company, Defendant in Error, v. N. J. Eisendrath, Plaintiff in Error.

### Gen. No. 19,990.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed March 29, 1915.

### Statement of the Case.

Action by Edson Keith & Company, a corporation, plaintiff, against N. J. Eisendrath, defendant, to recover the purchase price of certain goods sold defendant.

The defense was that the order for the goods was not an absolute, unconditional order, but was an "open or conditional order" setting aside certain goods for later selection and later shipping instructions to be given by defendant's department buyers.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

To reverse a judgment for plaintiff for $422.50, defendant prosecutes this writ of error.

DAVID S. EISENDRATH, for plaintiff in error.

EASTMAN & WHITE, for defendant in error; RALPH R. HAWXHURST, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 329*—*when evidence sufficient to show order for goods absolute and not conditional.* Evidence examined and *held* to support a finding that an order for goods was absolute and not an open or conditional order.

2. TRIAL, § 45*—*when conduct of court not an interference with functions of jury.* Rulings and conduct of trial court examined and *held* not to have been a usurpation of the functions of the jury.

3. EVIDENCE, § 69*—*when proof of other and independent transactions inadmissible.* In an action for the purchase price of goods which defendant claimed were sold conditionally, evidence of other and independent transactions where orders were cancelled and the cancellation accepted are not admissible.

4. TRIAL, § 164*—*when rulings on admission and exclusion of evidence not error.* Evidence examined and *held* that rulings as to admission and exclusion were not erroneous.

5. APPEAL AND ERROR, § 590*—*when exception to oral charge to be made.* An exception to an oral charge should, before the jury leave the box, point out specifically the portion of the charge objected to. *Semble,* that it is sufficient if such objections be made in chambers in the presence of both counsel and the court be given thereby opportunity to correct and amend the instructions which he intends to give.

6. INSTRUCTIONS, § 118*—*when not erroneous.* Instructions examined and *held* not erroneous as applied to the facts.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.